UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                        )
BRIAN M. EVANS,                   )
                                        )
        Plaintiff,          )
                                        )
    v.                        )   C.A. No. 11-146 S
                                        )
MICHAEL J. ASTRUE,            )
COMMISSIONER OF SOCIAL SECURITY,  )
                                        )
        Defendant.         )
_____)

**ORDER**

WILLIAM E. SMITH, United States District Judge.

    The Report and Recommendation of United States Magistrate Judge David L. Martin filed on August 23, 2012 (ECF No. 12), in the above-captioned matter is hereby accepted pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's objections to the Magistrate Judge's Report and Recommendation (ECF No. 13) are rejected, Plaintiff's Motion to Reverse (ECF No. 7) is DENIED, and Defendant's Motion to Affirm (ECF No. 9) is GRANTED.

    The Social Security Act provides that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). The Magistrate Judge affirmed the

Administrative Law Judge's ("ALJ") decision that Plaintiff's marijuana abuse was a contributing factor material to his disability. Plaintiff objects to the Magistrate Judge's decision on this point, arguing that there was testimony before the ALJ indicating that it was impossible to determine the extent to which Plaintiff would be impaired if he stopped using marijuana because, other than when Plaintiff was incarcerated, Plaintiff had not abstained from marijuana use for any continued period of time. Plaintiff contends that this testimony requires a finding that Plaintiff's marijuana use was not a contributing factor material to his disability.

In support of this argument, Plaintiff points to an emergency message, EM-96200, sent by the Social Security Administration to all disability adjudicators on August 30, 1996 (the "Teletype"). The Teletype states, in relevant part:

> We know of no research data upon which to reliably predict the expected improvement in a coexisting mental, impairment(s) should drug/alcohol use stop. The most useful evidence that might be obtained in such cases is that relating to a period when the individual was not using drugs /alcohol. . . . <u>When it is not possible to separate the mental restrictions and limitations imposed by [drug and alcohol addiction] and the various other mental disorders shown by the evidence, a finding of 'not material' would be appropriate</u>.

Soc. Sec. Teletype, No. EM-96200, (Aug. 30, 1996) (available at: https://secure.ssa.gov/apps10/public/reference.nsf/links/ 04292003041931PM) (emphasis added).

2

The Magistrate Judge correctly pointed out that it is unclear whether the Teletype is binding. See Brown v. Apfel, 71 F. Supp. 2d 28, 36 (D.R.I. 1999) ("Whether such a teletype is even binding on the Social Security Administration is questionable."); see also Parra v. Astrue, 481 F.3d 742, 749 (9th Cir. 2007) (explaining that "internal agency documents" such as the Teletype "do not create judicially enforceable duties"). Moreover, several United States Courts of Appeals have rejected the reasoning reflected in the Teletype. See Cage v. Comm'r of Soc. Sec., Docket No. 09-4530-cv, 2012 WL 3538264, at *4 (2d Cir. Aug. 17, 2012) ("[C]laimants bear the burden of proving [drug addiction or alcoholism] immateriality."); Parra, 481 F.3d at 748 (same); Doughty v. Apfel, 245 F.3d 1274, 1280 (11th Cir. 2001) (same); Brown v. Apfel, 192 F.3d 492, 498 (5th Cir. 1999) (same). While the First Circuit has yet to rule on this issue, at least one district court has agreed that "[t]he burden of proving that alcoholism was not a contributing factor to the disability determination falls on [the claimant]." Frazier v. Astrue, Civil Action No. 1:10-CV-10051-PBS, 2010 WL 5866215, at *6 (D. Mass. Feb. 22, 2010) (internal citation and quotation marks omitted).

Plaintiff's position, however, does find support in the decisions of some federal courts. See, e.g., Kluesner v.

Astrue, 607 F.3d 533, 537 (8th Cir. 2010) (nominally stating that "[t]he claimant has the burden to prove that alcoholism or drug addiction is not a contributing factor" but going on to conclude that a "tie" on the materiality issue would go to the claimant); Whitney v. Astrue, No. 10 C 04231, 2012 WL 3686651, at *7-8 (N.D. Ill. Aug. 24, 2012) (describing the circuit split and holding that the "SSA bears the burden because the SSA is the party asserting the benefit of an exception to the general definition of 'disabled'" (emphasis in original)).

Still, this Court agrees with Magistrate Judge Martin's conclusion that Plaintiff should not be able to "avoid the consequences of his substance abuse by continuously remaining under the influence of cannabis and then claiming that there is no evidence to support a finding that he would not be disabled if he ceased his cannabis use." See Friend v. Astrue, 788 F. Supp. 2d 365, 370 (E.D. Pa. 2011) (rejecting an argument similar to Plaintiff's because "[i]t is unthinkable that Emergency Teletype-96 was intended to convey to agency employees that a drug addict or alcoholic can bypass 20 C.F.R. § 404.1614(c)(3) by the simple expedient of always remaining high"). Additionally, the claimant is "the party best suited to demonstrate whether []he would still be disabled in the absence of drug or alcohol addiction." Brown, 192 F.3d at 498.

4

For the foregoing reasons, this Court accepts the Magistrate Judge's recommendations, including the finding that "the ALJ's materiality determination is supported by substantial evidence in the record and is free of legal error."

SO ORDERED:

*/s/ William E. Smith*

William E. Smith
United States District Judge
Date:  September 25, 2012